MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
1674 N. Shoreline Blvd., Suite 140
Mountain View, CA 94043-1375
Tel.: (650) 694-4700
Fax: (650) 694-4818
E-Mail: Cathy@moranlaw.net

TEMMERMAN, CILLEY & KOHLMANN, LLP
ROBERT E. TEMMERMAN, JR., I.D. # 096175
2502 Stevens Creek Blvd.
San Jose, CA 95128-1654
Tel: (408 998-9500
Fax :(408( 998-9700

Attorneys for Richard N Bradley, Conservator
of the Estate of Patricia A. Bradley and Trustee of the
Bradley 1988 Living Trust dated October 26, 1988

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In Re: | Chapter 7 |
| JOAN MACKENZIE, | Bankruptcy No.: 11-50469 |
| Debtor. | |
| RICHARD BRADLEY, CONSERVATOR OF THE ESTATE OF PATRICIA BRADLEY, | Adversary No.: 11-5137 |
| Plaintiff, | |
| vs. | |
| JOAN MACKENZIE, | |
| Defendant. | HON. ARTHUR S. WEISSBRODT |

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into as of April 23, 2013, between Richard Bradley, in his capacity as Conservator of the Estate of Patricia Bradley, and as Trustee of the Bradley 1988 Living Trust dated October 26, 1988 (collectively "Richard"), and Joan Mackenzie ("Joan"). Collectively, the parties are referred to as the "Parties".

## Recitals:

WHEREAS, Richard is the current, acting and duly-appointed Conservator of the Estate of Patricia Bradley, by Order of the Santa Clara County Superior Court dated May 19, 2009. Richard also became trustee of the Bradley 1988 Living Trust on February 24, 2009;

WHEREAS, Joan filed a voluntary petition under Title 11 of the United States Code, Chapter 7, on January 19, 2011, in the United States District Court, Northern District of California (Bankruptcy case no. 11-50469);

WHEREAS, on April 25, 2011, Richard filed his "Complaint to Except Debt from Discharge" (the "Complaint") (Adversary no. 11-5137) against Joan, alleging non-dischargeability causes of action for fraud, conversion, embezzlement and financial elder abuse in connection with transactions between Patricia Bradley and various entities. Joan filed her "Answer to Plaintiff's Adversary Complaint" (the "Answer") on May 20, 2011, which denies the allegations set forth in the Complaint;

WHEREAS, on September 20, 2013, the Parties participated in the Bankruptcy Dispute Resolution Program before Resolution Advocate Eric Nyberg, Esq., in an effort to resolve the differences between them regarding; and

WHEREAS, the Parties have entered into the following agreement in order to resolve the disputes between them;

NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. Joan hereby agrees and stipulates to the entry of a judgment against her and

1

in favor of Richard in the amount of $275,000.00 (the "Judgment"). The Judgment shall be non-dischargeable pursuant only to 11 U.S.C. § 523(a)(2)(A). The Judgment shall be drafted by counsel for Richard and approved as to form by counsel for Joan, which approval shall not be unreasonably withheld. The Judgment shall be entered immediately upon approval of this Agreement as provided below. The Judgment shall bear interest at the federal rate until paid.

2. Not later than 30 days after this Agreement is approved by the Court, Joan shall provide to Richard (through his counsel), under penalty of perjury, a statement of her then-existing assets, income, expenses, beneficial interest in any trust (revocable or irrevocable), claims in litigation, or any interest, vested or contingent, in any property of any kind or location. Joan shall include with her disclosure documents supporting the disclosure of her income (which shall be her most recent Federal and State Income Tax Returns or, if none, all of her IRS form W-2s for each employer), trust instruments which evidence her beneficial interest in those trusts, annuity contracts, insurance policies owned by Joan, bank accounts owned by Joan (whether individually or jointly), copies of any complaints evidencing her claims in litigation, and any documentation not otherwise listed that evidences her ownership interest in any other property, real or personal, tangible or intangible. This disclosure shall also disclose Joan=s then-current residence address, telephone number and e-mail address, which shall not be used except for performance of this Agreement.

3. Not sooner than one year after the date that Joan makes her disclosure pursuant to Paragraph 2, above, and annually thereafter, Richard may, but is not required to, demand that Joan update the disclosures made pursuant to Paragraph 2. Such a demand may be made in writing either by fax, e-mail and U.S. Mail, return receipt requested, delivered directly to Joan. Such updated disclosures shall also be made under penalty of perjury and delivered not later than 30 days after the demand is delivered. Such updated disclosures shall include the same supporting documentation that is

2

required under Paragraph 2, above. In addition, Joan shall also disclose the receipt of any property in the prior year that triggers payment of the Judgment pursuant to Paragraph 4, below.

4. So long as Joan complies with the terms of this Agreement, execution of the Judgment by Richard shall be stayed. Payments on the judgment shall due and payable by Joan, without demand by Richard, upon the occurrence of the following events:

  A. Joan's death (at which time Richard may collect pursuant to the relevant provisions of the California Probate Code);

  B. Joan wins a jackpot in any lottery of at least $25,000.00;

  C. Joan receives an inheritance, gift, devise, or any beneficial interest in any decedent's estate or trust of more than $25,000.00;

  D. Joan receives payment as a beneficiary from any life insurance policy of at least $25,000.00;

  E. Joan receives property from any source or for any reason of a value at least $25,000.00;

  F. Joan's disposable net income, as that term is defined in the United States Bankruptcy Code, is more than $25,000.00 annually, as reflected in the disclosures as required by Paragraphs 2 and 3, above.

If an event occurs that triggers payment pursuant to Paragraph 4.B-F., above, Joan shall be required to pay to Richard at least 25% of the assets that triggers payment. By way of example only, if Joan wins a $100,000.00 lottery jackpot, she will be required to pay to Richard not less than $25,000.00.

5. So long as Joan complies with the terms of this Agreement, and makes payments as required under Paragraph 4, above, Richard shall waive payment of interest that otherwise accrues upon the entry of the Judgment.

6. If Joan breaches this Agreement in any respect, or if any disclosure pursuant to Paragraphs 2 or 3 are in any way inaccurate, Richard=s stay on the execution of the

3

Judgment shall be lifted immediately and he may commence execution proceedings against Joan for the immediate payment of the Judgment, with interest, without limitation.

7. The Parties agree that the provisions of this Agreement are to remain confidential, except that it may be disclosed to extent necessary to perform its terms. On inquiry, the Parties may disclose that the Parties reached a satisfactory resolution of the litigation.

8. This Agreement is specifically contingent on approval of the Santa Clara County Superior Court, Probate Division, after notice and hearing, which shall be accomplished confidentially, if possible.

9. The parties, in their capacities as beneficiaries, fiduciaries, employees or otherwise, each release each other from any and all claims, rights, demands, injuries, debts, damages, liabilities, breaches, violations of any rights or duties, acts or omissions, accounts, contracts, agreements, promissory notes, obligations, causes of action, costs, expenses, liens whether actual or potential, known or unknown, suspected or unsuspected, in law or equity, which exist, or heretofore have existed, that are or arise out of the release (as defined below) taking place prior to or on the effective date of this release.

a. This release is intended for the benefit of, and to release claims within the scope of the released matters against, each of the parties and their respective current and former spouses, directors, officers, general and limited partners, agents, employees, attorneys, predecessors, successors, affiliates, and each of them.

b. This release is intended to be general and all inclusive with respect to the released matters and to extend to all claims of any nature or description whatsoever, whether actual or potential, patent or latent, known or unknown, suspect or unsuspected, which now exist or heretofore have existed, based upon any acts actually or allegedly occurring or any omissions allegedly not occurring, before the effective date of this release which are or would be within the scope of the released matter. The released matters ("Released Matters") consist of any and all claims, demands, damages, actions

4

and other causes of action of every kind known or unknown, pertaining to, arising out of, or in any way whatsoever in connection with the allegations, facts and circumstances set forth in the Complaint.

10. Notwithstanding any other provisions of this release, this release does not release or affect any express representations made or any obligations undertaken by any party in and under the terms of this Agreement.

11. Each of the parties certifies that it has read section 1542 of the California Civil Code and understands that it provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Each of the parties hereby knowingly and voluntarily waives application of section 1542 of the California Civil Code and all similar federal or state laws, rights, rules, or legal principals of any jurisdiction that may be applicable to any claims which are within the scope of the released matters.

Each of the parties acknowledges that the significance and consequence of this waiver of section 1542 of the Civil Code is that even if such party should suffer additional damages arising out of claims of which that party is currently aware or should discover additional claims or any new purported basis for a claim, that party will not be permitted to assert such claims if such claims are or would be within the scope of the released matters. Furthermore, each of the parties acknowledges that it intends this consequence even as to (i) claims that may exist as of the date of this release but that such party does not know exist which are, or if known, would be within the scope of the

released matters or (ii) facts in addition to or different from those which such party now knows or believes to be true with respect to the released matters and which, if known, would materially affect such parties' decision to execute this release, regardless of the reason for such parties' lack of knowledge. It is the intention of each of the parties through this release fully, finally and forever to settle or release all of the released matters, and such potential unknown claims which would be within the released matters, which exist, may exist, or might have existed. In furtherance of such intention, this release shall be and remain in effect as a full and complete release of such additional different claims or facts which are or would be within the scope of the released matters.

12. Each of the parties warrants and represents that in executing this release such party has had full and adequate opportunity to obtain independent advice and legal counsel with respect to the terms of this release and their consequences; and that the terms of this release and their consequences have been fully explained, and that such party understands the terms of this release.

13. Each of the parties acknowledges that the terms and versions of this release are of a special and unique and extraordinary character which gives them a peculiar value, the loss of which cannot be adequately compensated in an action at law, and that the breach of any such term, condition or covenant by any of the parties shall cause irreparable harm and injury to all other parties. Therefore, in the event of breach of any term of this release by any of the parties, the other parties or any of them, in addition to any and all other rights and remedies, shall be entitled to injunctive and other equitable relief to enforce the terms hereof.

14. No admission of liability on the part of any of the parties with respect to any actual or potential harm or the subject matter of any actual or potential harm is intended or to be inferred from this release.

15. Each of the parties represents and warrants that none of the claims being released have been assigned, transferred, or sold to any other party in whole or in part.

16. Each Party shall be responsible for payment of their own attorney's fees and costs.

17. In any action or proceeding undertaken to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs. The United States Bankruptcy Court, Northern District of California, shall retain jurisdiction to enforce or interpret this Agreement.

18. This Agreement shall inure to the benefit of, and shall be binding upon, each of the parties to this Agreement, their predecessors, successors, assigns, affiliates, directors, officers, employees, agents, attorneys, representatives, beneficiaries, heirs, and devisees.

19. This Agreement shall be interpreted, construed, governed, and enforced under and pursuant to the laws of the State of California as applied to agreements between parties resident therein and to be performed therein. The Parties acknowledge that counsel for all parties have participated in negotiating and drafting the provisions of this Settlement Agreement and Mutual Release. Therefore, the doctrine of construction against the party drafting shall not apply.

20. No waiver of any of the provisions of this Agreement shall be deemed or constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless made in writing and executed by the party making the waiver. Failure to enforce any provision of this Agreement shall not constitute a waiver of the right to enforce that provision at any other time or a waiver of the right to enforce any other provision of this Agreement.

21. If any provision of this Agreement is held invalid or unenforceable, the remainder of this Agreement shall not be affected and shall continue to be in full force and effect.

22. This Agreement constitutes the entire agreement made by the parties to this Agreement with respect to the subject matter of this Agreement, fully superceded any and

all prior or contemporaneous undertakings, representations, warranties and agreements made by the parties to this Agreement or their representatives and may be modified only by a writing signed by each of the parties affected by such modification.

23. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures shall be deemed as originals for all purposes.

24. The Parties agree that this Agreement is enforceable pursuant to the provisions of Code of Civil Procedure section 664.6, or any other Federal statute or common law doctrine of similar effect. The Parties further agree that this Agreement is admissible as evidence in any proceeding for enforcement or interpretation.

IN WITNESS WHEREOF, each of the undersigned parties has executed this Agreement as of September 20, 2013.

_____
Richard Bradley, Conservator of the
Estate of Patricia Bradley and Trustee of
the Bradley 1988 Living Trust, dated
October 26, 1988

_____
Joan Mackenzie

APPROVED AS TO FORM

TEMMERMAN, CILLEY &
KOHLMANN, LLP

BELVEDERE LEGAL APC

_____
MARK SCHMUCK, ESQ.
Attorneys for Richard Bradley

_____
MATTHEW D. METZGER, ESQ.
Attorneys for Joan Mackenzie

8